<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS F. MOTAMED, GEORGE R. FAY, and DAVID S. FOWLER,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHUBB CORPORATION and THE AYCO COMPANY, L.P.,<br><br>Defendants. | Civ. No. 15-7262<br><br>**OPINION** |

<u>THOMPSON, U.S.D.J.</u>

This matter comes before the Court upon the motions to dismiss brought by Defendants The Ayco Company, L.P. ("Ayco") and The Chubb Corporation ("Chubb") on the basis of Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 75, 76). Plaintiffs Thomas F. Motamed, George R. Fay, and David S. Fowler ("Plaintiffs") oppose. (ECF Nos. 87, 89). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Chubb's motion to dismiss will be denied, and Ayco's motion to dismiss will be granted in part and denied in part.

BACKGROUND

Plaintiffs are former Chubb executives. Plaintiffs' allegations are as follows: as employees of Chubb, Plaintiffs participated in a company retirement program, which entitled them to certain deferred compensation benefits after retirement. In 1999, Chubb offered Plaintiffs the opportunity to participate in a new benefit program called The Chubb Corporation Estate Enhancement Program. This program was designed to reduce Plaintiffs' estate tax

1

payments by providing part of their compensation in the form of a life insurance policy, which would not be taxed. Ayco advised Chubb on the creation of the program, helped market the program, and also acted as an individual financial adviser to Plaintiff George Fay ("Fay").

To participate in the program, Plaintiffs would relinquish their rights to accrued benefits in the company pension plan. In return, Chubb would purchase a variable life insurance policy for each plaintiff under a split-dollar arrangement. Chubb would make a one-time premium payment to the insurance company in the amount of approximately four times the relinquished pension benefits. The policy provided a death benefit payable after the death of each plaintiff and his spouse. Under the split-dollar arrangement, each plaintiff's estate would receive 75% of the face value of the policy, and Chubb would receive 25% of the face value of the policy and the policy cash value. In marketing the program to Plaintiffs, Chubb stated that the financial benefits from participating in the program were potentially much greater than the Plaintiffs would receive through the deferred pension plan.

All three plaintiffs chose to participate in the program and relinquished between $100,000 and $462,500 in pension benefits in exchange for life insurance policies with face values between $3,630,000 and $15,000,000. Chubb paid the initial premiums to purchase the policies. However, the face value of each policy was actually an estimate based on an estimated return on the investments in the policies of at least 8.76% per year, compounded for the life of the policies. The investments have not resulted in a return of at least 8.76%. Therefore, on May 14, 2010, Plaintiffs received a letter advising them that the life insurance policies would lapse unless they made significant additional premium payments. Meanwhile, Plaintiffs have been required to pay taxes each year on the economic value of the death benefit. This value increased

over time and will increase dramatically after the death of the first insured of each couple, making the tax payments unsustainable.

On October 2, 2015, Plaintiffs filed suit against Chubb and Ayco, arguing that the benefit program was inadequately designed and marketed and should not have been offered to Chubb's executives. Plaintiffs asserted claims against Chubb under theories of breach of contract, breach of fiduciary duty, and detrimental reliance. Plaintiffs asserted claims against Ayco under the theory of negligent misrepresentation, and Fay individually asserts claims for breach of contract and professional malpractice.

Chubb and Ayco filed motions to dismiss Plaintiffs' complaint on December 11, 2015. In lieu of opposing the motions to dismiss, Plaintiffs filed an amended complaint on January 4, 2016. On January 25, 2016, Chubb and Ayco filed motions to dismiss Plaintiffs' amended complaint. The Court granted Ayco's motion to dismiss on March 15, 2016, dismissing the counts against Ayco without prejudice. On March 24, 2016, the Court granted Chubb's motion to dismiss in part and denied it in part: the motion was denied as to the breach of contract claims and granted as to the breach of fiduciary duty and detrimental reliance claims.[1] Then, on April 29, 2016, Plaintiffs filed a second amended complaint. On May 23, 2016, Ayco and Chubb filed motions to dismiss Plaintiffs' second amended complaint. These motions are presently before the Court.

---

[1] The detrimental reliance claim was dismissed without prejudice, whereas the breach of fiduciary duty claim was dismissed with prejudice.

3

DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court to reasonably infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

B. Analysis

*1. Chubb's Motion to Dismiss*

The second amended complaint contains claims against Chubb for breach of contract and detrimental reliance. The Court will address each claim in turn.

a. Breach of Contract

In its most recent motion to dismiss, Chubb asserts that the second amended complaint fails to state claims for breach of contract because Plaintiffs' factual allegations of breach are inconsistent with the terms of the agreements. Plaintiffs respond that this argument is barred by the law of the case doctrine, as it was previously considered when the Court decided Chubb's prior motion to dismiss. In the alternative, Plaintiffs assert that this argument is barred by Federal Rule of Civil Procedure 12(g)(2).

The law of the case doctrine "limits relitigation of an issue once it has been decided" in an earlier stage of the same litigation. *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (citing *In re Continental Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002)). The doctrine is designed to "promote finality, consistency, and judicial economy." *Id.* at 786. The law of the case doctrine does not limit a federal court's power, but it directs its exercise of discretion. *Public Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). Courts generally do not revisit prior decisions in the absence of extraordinary circumstances, such as when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 116-17. However, this doctrine only applies when decisions are made on the merits of a case. *See, e.g.*, *United States v. Hatter*, 532 U.S. 557, 566 (2001).

The Court previously considered Chubb's argument that the breach of contract claims against Chubb should be dismissed because Plaintiffs' allegations were inconsistent with the plain language of the agreement. (*See* Op. 6, ECF No. 64). The Court determined that this defense "goes to the merits of the case and should be raised in responsive pleadings, not in a pre-answer motion brought under Rule 12(b)(6)." (*Id.* (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343

5

F.3d 651, 657 (3d Cir. 2003)). Moreover, the Court noted that the terms of the life insurance policies were themselves at issue, and that the terms were not "plain and unambiguous." (Op. 6, ECF No. 64).

The Court agrees that this decision was not made on the merits of the breach of contract claims, and thus, the law of the case doctrine does not apply. However, the Court finds that its prior reasoning still holds, and the issue is still premature for consideration at this stage of the litigation. Moreover, Chubb's inclusion of this argument in its second motion to dismiss appears to be an attempt to ask the Court to reconsider its prior opinion without having filed a motion for reconsideration. Given that no motion for reconsideration was filed within the fourteen days allowed under Local Rule 7.1(i), the Court will not reconsider the issue at this time. Therefore, Chubb's motion to dismiss will not be granted as to these claims.[2]

    b. Detrimental Reliance

Chubb further argues that the complaint fails to state a detrimental reliance claim because the additions made to this claim in the second amended complaint "supply very little meat to the bare bones allegations of detrimental reliance the Court found to be insufficient in the [first amended complaint]." (Def.'s Br. 18, ECF No. 76-1). Plaintiffs respond that the detrimental reliance claim should not be dismissed because Plaintiffs plead all of the required elements of the claim.

To establish a claim for detrimental reliance, a plaintiff must establish (1) that the defendant made a representation, (2) that the defendant had knowledge that the plaintiff was

---

[2] Plaintiffs also argue that Chubb's argument about the breach of contract claims is barred by Federal Rule of Civil Procedure 12(g)(2), which prohibits "raising a defense or objection that was available to the party but omitted from its earlier motion." The Court finds that this rule does not apply because the argument asserted was not omitted from the earlier motion.

acting on the basis of that representation, and (3) that the plaintiff relied to their detriment on that representation. *Granelli v. Chicago Title Ins. Co.*, 569 F. App'x 125, 132 (3d Cir. 2014) (citation omitted); *see also Facteon, Inc. v. Comp Care Partners, LLC*, No. 13-6765, 2015 WL 519414, at *2 (D.N.J. Feb. 9, 2015) (noting that the elements of a detrimental reliance claim are a clear and definite promise, an expectation by the promisor that the promise would be relied on, and reasonable reliance by the promisee).

In response to Chubb's prior motion to dismiss, the Court found that Plaintiffs pled elements one and two of detrimental reliance but that they failed to address element three, reliance. In the second amended complaint, Plaintiffs allege that

> Chubb promised that the Estate Enhancement Program would result in increased benefits to the estates of the participants, that the programs would result in death benefits as set forth in the respective insurance policies, that plaintiffs would not be responsible for additional premiums, and that the program was economically viable.

(Second Am. Compl. ¶ 47, ECF No. 74). Plaintiffs further allege that they relied on Chubb's representations because they "agreed to participate in the program based on [Chubb's] promises." (*Id.* ¶ 49). While Chubb characterizes these allegations as "bare bones," (Def.'s Br. 18, ECF No. 76-1), more is not required at this juncture.

Chubb also argues that Plaintiffs' reliance is unreasonable as a matter of law based on various statements Chubb made in the contract and in other materials provided to Plaintiffs. However, as noted above, this is not a case where the terms of the contract are plain and unambiguous. Therefore, a decision on this issue is premature at the stage of a motion to dismiss, and so Chubb's motion will be not be granted on this basis.

For the foregoing reasons, Chubb's motion to dismiss will be denied in its entirety.

*2. Ayco's Motion to Dismiss*

The second amended complaint contains claims against Ayco for negligent misrepresentation, breach of contract, and professional malpractice. In its most recent motion to dismiss, Ayco makes multiple arguments. First, Ayco asserts that the complaint fails to state a negligent misrepresentation claim because Plaintiffs fail to plead reliance or a misrepresentation. Second, Ayco argues that all of Plaintiffs' claims are time-barred by the statute of limitations. Third, Ayco disputes Fay's malpractice claim on the grounds that Fay pleads neither causation nor injury. Fourth, Ayco asserts that Fay fails to state a claim for breach of contract because he does not allege that there is a contract under which he can sue. Lastly, Ayco argues that the breach of contract claim is duplicative of Fay's malpractice claim.

    a.  Statute of Limitations and Negligent Misrepresentation

Plaintiffs assert that Ayco's arguments as to the statute of limitations and their failure to plead a misrepresentation are barred by the law of the case doctrine. The Court previously considered Ayco's argument that the complaint should be dismissed because the claims were time-barred and as well as the argument that Plaintiffs failed to plead misrepresentation, a required element of negligent misrepresentation. (*See* Op. 5-6, 7, ECF No. 59). In response to the allegations on failure to plead misrepresentation, the Court ruled that "[w]hile Plaintiffs could have provided more detail, these allegations provide enough material to survive a motion to dismiss." (*Id.* at 7). As for the statute of limitations argument, the Court ruled that accepting all of Plaintiffs' allegations as true—as the Court must when reviewing a motion to dismiss—the claims fell within the statute of limitations. (*Id.* at 6).

Given that the Court previously decided these issues, and these rulings were on the merits, Ayco's arguments as to the statute of limitations and failure to plead a misrepresentation

8

would be barred by the law of the case doctrine unless one of the exceptions to this doctrine applied. As described above, the three exceptions to the law of the case doctrine are when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Public Interest Research Group of N.J., Inc.,* 123 F.3d at 116-17. Ayco has not argued that any of these exceptions apply. Instead, it argues that the Court's prior decisions on this issue were dicta, and thus are not barred by the law of the case doctrine. However, the Court finds that these decisions were integral to the Court's prior opinion, and thus, were not dicta. Because the Court already considered these arguments, and Ayco has not shown that any exception applies, the Court finds that the arguments regarding the statute of limitations and the failure to plead a misrepresentation are barred by the law of the case doctrine. Therefore, Ayco's motion to dismiss will not be granted on these bases.

As for Ayco's argument that Plaintiffs fail to plead justifiable reliance, another required element of negligent misrepresentation, the Court finds that the allegations in the second amended complaint are sufficient. Under New Jersey law, the elements of a negligent misrepresentation claim are: (1) the defendant negligently made a false communication of material fact; (2) the plaintiff justifiably relied upon the misrepresentation; and (3) the reliance resulted in an ascertainable loss or injury. *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233, 251 (D.N.J. 2008). The Court previously found that Plaintiffs failed to plead any factual allegations of justifiable reliance, because they only said that "[p]laintiffs Motamed, Fay, and Fowler justifiably relied on the information supplied to them and the representation that the Estate Enhancement Program would be an effective program when they opted to participate in the program and relinquish their rights to receive benefits under the Chubb Pension Excess

Benefit Plan." (Op. at 7, ECF No. 59 (citing Am. Compl. ¶ 61, ECF No. 41)). This allegation was conclusory and did not provide any factual support for Plaintiffs' claim of justifiable reliance.

In the second amended complaint, Plaintiffs add that they justifiably relied on Ayco's misrepresentations because "Ayco is a national organization that held itself out as having expertise in designing and evaluating retirement benefits and programs and was hand-selected by Chubb to be the consultant tasked with providing competent financial advice for its executives." (Second Am. Compl. ¶¶ 66, 78, 90, ECF No. 74). Further, "[b]ut for Ayco's misrepresentations, [Plaintiffs] would not have agreed to relinquish [their] deferred compensation and participate in the Program." (*Id.* ¶¶ 67, 79, 91). With the addition of these factual allegations, the Court finds that Plaintiffs adequately pled justifiable reliance. Therefore, Ayco's motion to dismiss the negligent misrepresentation claim will not be granted.

  b. Professional Malpractice

Ayco argues that Fay fails to state a claim for professional malpractice because the second amended complaint fails to plead causation or injury. A professional malpractice claim accrues when "(1) the claimant suffers an injury or damages; and (2) the claimant knows or should know that its injury is attributable to the professional negligent advice." *Vision Mortgage Corp. v. Patricia J. Chiapperini, Inc.*, 704 A.2d 97, 100 (N.J. Super. Ct. App. Div. 1998), *aff'd*, 722 A.2d 527 (N.J. 1999) (citation omitted). The Court previously dismissed Fay's professional malpractice claim on the grounds that "[b]y failing to state that he participated in the program on the basis of Ayco's advice, Fay has not pled that the injury is 'attributable to' or caused by the allegedly professionally negligent advice." (Op. at 9, ECF No. 59). In the second amended complaint, Fay adds that "[b]ut for Ayco's advice, Fay would not have agreed to participate in

the Program." (Second Am. Compl. ¶ 116, ECF No. 74). This addition is sufficient for Plaintiffs' claim to survive a motion to dismiss.

As for Ayco's argument that Fay did not plead any injury, the Court notes that Fay pleads that he will suffer the lapse of the insurance policy and unsustainable income tax payments as a result of Ayco's alleged professional malpractice. (*Id.* ¶ 118). These injuries are sufficient to support a professional malpractice claim. Consequently, Ayco's motion to dismiss the professional malpractice claim will not be granted.

    c. Breach of Contract

Ayco argues that Fay fails to state a claim for breach of contract because he does not adequately plead that he was a third-party beneficiary of the Chubb-Ayco agreement, as he does not cite specific contract provisions permitting him to raise a direct claim against Ayco. Moreover, Ayco argues that because Fay does not allege a specific contractual duty separate from professional malpractice, the breach of contract claim is subsumed by his malpractice claim.

The Court agrees that the breach of contract claim is duplicative of Fay's professional malpractice claim. Although Fay pleads that the Ayco-Chubb contract exists, he does not plead that any particular provisions of this contract have been breached. Rather, Fay argues that under the contract, Ayco "had a contractual obligation to provide appropriate and competent advice to Fay" that was breached when Ayco recommended that he participate in the Estate Enhancement Program and failed to disclose certain risks. (Second Am. Compl. ¶¶ 96, ECF No. 74). Specifically, Fay states that "[t]he advice provided by Ayco was below the standard required of a consultant in the insurance industry, and constituted a breach of the contract between Ayco and Chubb." (*Id.* ¶ 103). In the absence of any additional allegations of breach that go beyond the

alleged violations of Ayco's professional duty, the Court finds that the breach of contract claim is duplicative of Fay's professional malpractice claim. *See Amboy Bancorporation v. Bank Advisory Grp., Inc.*, 432 F. App'x 102, 111 (3d Cir. 2011); *Lopez-Siguenza v. Roddy*, No. 13-2005, 2014 WL 4854452, at *7 (D.N.J. Sept. 30, 2014). Therefore, the breach of contract claim (Count VIII) will be dismissed with prejudice.

Consequently, Ayco's motion to dismiss will be granted in part and denied in part: the motion will be granted as to Count VIII and denied as to all other counts (Counts V, VI, VII, and IX).

## CONCLUSION

For the reasons stated above, Chubb's motion to dismiss Plaintiffs' second amended complaint will be denied. Ayco's motion to dismiss Plaintiffs' second amended complaint will be granted in part and denied in part. The motion will be denied as to Counts V, VI, VII, and IX. The motion will be granted as to Count VIII, and that claim will be dismissed with prejudice. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** September 1, 2016