NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS F. MOTAMED, GEORGE R. FAY, and DAVID S. FOWLER, | |
| Plaintiffs, | Civ. No. 15-7262 |
| v. | **OPINION** |
| THE CHUBB CORPORATION and THE AYCO COMPANY, L.P., | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Appeal of the Magistrate Judge's Order to Strike Plaintiffs' Supplement to the Expert Report of Richard M. Weber filed by Plaintiffs George R. Fay, David S. Fowler, and Thomas F. Motamed (collectively, "Plaintiffs") (ECF No. 170.) Defendants The Chubb Corporation ("Chubb") and The Ayco Company, L.P. ("Ayco") (collectively, "Defendants") oppose. (ECF Nos. 173, 174.) The Court has decided this matter based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' Appeal is denied and the Magistrate Judge's decision is affirmed.

## BACKGROUND

The Court assumes that the parties are familiar with the facts of this case and only presents the factual background and procedural history relevant to the present Appeal. On

October 31, 2018, Plaintiffs served Defendants with an expert report of Richard M. Weber (the "Report"). (ECF No. 170-3.) Mr. Weber opined, among other things, that Defendants breached their duty to "provide sufficient information on which [Plaintiffs] could make an informed decision to participate in [the Estate Enhancement Program in which Plaintiffs enrolled]." (Report at 23–24, ECF No. 170-3.) Mr. Weber's Report also employed Monte Carlo analyses[1] to determine the amount that Plaintiffs would have needed to pay in 2010 to ensure certain outcomes of Plaintiffs' policies (*id.* at 24–26), and calculated the present value of the amounts promised to Plaintiffs under their policies (*id.* at 26).

On January 3, 2019, the Magistrate Judge ordered Plaintiffs to submit any "updated expert reports" by March 1, 2019 and ordered Defendants to serve their expert reports by April 1, 2019. (Scheduling Order at 1, ECF No. 134.) On March 15, 2019, Defendant Ayco submitted to the Court a proposed schedule suggesting June 28, 2019 as an agreed-upon deadline for expert discovery. (E-mail Correspondence at 8–9, ECF No. 145-2.)[2] On April 2, 2019, Defendant Chubb sent to the Magistrate Judge a proposed schedule for briefing of Defendant Chubb's request for discovery sanctions. (*Id.*) An e-mail sent on behalf of the Magistrate Judge on April 2, 2019 stated that "the parties should plan on closing expert discovery on June 28, 2019 and . . . filing opening summary judgment briefs on August 2, 2019." (*Id.* at 2.) On April 3, 2019, the Magistrate Judge issued a Text Order stating, "After a decision on [Defendant] Chubb's request [for discovery sanctions] is rendered, the deadline for expert discovery as well as the dispositive motion schedule shall be set." (ECF No. 136.)

---

[1] A Monte Carlo analysis is "a statistical process calculating random outcomes in a sufficient number that a credible 'probability of success' can be inferred." (Report at 10.)

[2] When citing this document, the page numbers to which the Court refers are the CM/ECF page numbers.

2

On April 1, 2019, Defendants served Plaintiffs with four expert reports, two of which were critical of assumptions in Mr. Weber's Report regarding, among other things, allocations of equity versus debt in Plaintiffs' subaccounts. (Pls.' Br. at 9, ECF No. 170-1; *see also* Tulman Report at 4–7, ECF No. 170-4 (stating that "Mr. Weber wrongly assumed that [Defendant] Chubb established and maintained a 50% equity 50% income split for [Plaintiffs'] sub-accounts"); Waddington Report at 11, ECF No. 171 (stating that "Weber also uses a 50% equity 50% fixed income hypothetical portfolio mix instead of the 60% / 40% actual portfolio mix that [Plaintiffs'] Policies employed").) One of Defendants' experts also criticized the date utilized by Mr. Weber to calculate account values. (*See* Waddington Report at 12.)

On June 4, 2019, Plaintiffs served a Supplement to Mr. Weber's Report (the "Supplement"). (ECF No. 170-5.) The Supplement provided additional calculations, which accounted for the criticisms of Mr. Weber's Report by Defendants' experts. (*See generally* Supplement, ECF No. 170-5.) For example, the Supplement provided calculations based on an allocation of 60% equity and 40% fixed income, as opposed to a 50%/50% portfolio mix (*id.* at 2–3); Monte Carlo analyses reflecting a 60% equity allocation (*id.* at 3–5); present value calculations of damages using updated information from 2018 (*id.* at 5–6); and updated life expectancy information (*id.* at 6–8). Mr. Weber's deposition was scheduled on June 10, 2019, six days after Plaintiffs served Mr. Weber's Supplement.

On June 5, 2019, the day after Plaintiffs served the Supplement, Defendant Ayco submitted a letter to the Magistrate Judge requesting that the Supplement be stricken under the Third Circuit's test in *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894,

3

904–05 (3d Cir. 1977). (Def. Ayco's Letter at 2, ECF No. 173-2.)[3] Plaintiffs opposed Defendant Ayco's request. (Pls.' Letter at 2, ECF No. 173-3.) On June 6, 2019, the Magistrate Judge entered a Letter Order granting Defendant Ayco's request to strike the Supplement. (Magistrate Judge's Order at 2, ECF No. 142.) The Magistrate Judge reasoned that the Supplement was "unfair and prejudicial to Defendants." (*Id.* at 1.)

On June 20, 2019, Plaintiffs moved for reconsideration of the Magistrate Judge's Order. (ECF No. 143.) Defendants filed Oppositions on July 1, 2019. (ECF Nos. 145, 146.) Plaintiffs filed a Reply on July 8, 2019. (ECF No. 147.) On January 15, 2020, the Magistrate Judge denied Plaintiffs' Motion for Reconsideration. (Recons. Order at 5, ECF No. 168.) [4] On January 23, 2020, the Court heard oral argument on Defendants' pending Motions for Summary Judgment. (ECF Nos. 151, 153.) On January 29, 2020, Plaintiffs filed an Appeal of the Magistrate Judge's Decision. (ECF No. 170.) On February 18, 2020, Defendant Ayco filed an Opposition (ECF No. 173), which Defendant Chubb joined (ECF No. 174). On February 24, 2020, Plaintiffs filed a Reply. (ECF No. 175.) Plaintiffs' Appeal is presently before the Court.

## **LEGAL STANDARD**

In the District of New Jersey, "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter." L. Civ. R. 72.1(c)(1)(A). Upon appeal, the District Judge shall "set aside any portion of the Magistrate Judge's order found to be clearly erroneous

---

[3] When citing this document, the page numbers to which the Court refers are the CM/ECF page numbers.

[4] The Magistrate Judge's Letter Order did not explicitly cite *Meyers*. However, as the Magistrate Judge noted in her Order on Plaintiffs' Motion for Reconsideration, "[t]he fact that the Meyers test and the parties' arguments regarding same were not specifically mentioned in the Court's Letter Order does not mean that they were overlooked." (Recons. Order at 5 (citing *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006)).)

or contrary to law." *Id.* However, a Magistrate Judge's "determination in a discovery dispute is entitled to great deference and reversible only for an abuse of discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Dome Petroleum v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)); *see also* Allyn Z. Lite, New Jersey Federal Practice Rules 458–61 (2019 ed.) (collecting cases). "An abuse of discretion occurs when a court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact' or 'when no reasonable person would adopt the district court's view.'" *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 858 F.3d 787, 792 n.22 (3d Cir. 2017) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

## **DISCUSSION**

Plaintiffs' main argument on appeal is that the Magistrate Judge misinterpreted and misapplied the *Meyers* test applicable to motions to exclude expert testimony. (Pls.' Br. at 15–28.) *Meyers* and its progeny set forth several factors for the Court to consider:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered; (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citing *Meyers*, 559 F.2d at 904–05).

Under the first *Meyers* factor, permitting the Supplement would have substantially and unfairly prejudiced Defendants. Plaintiffs served the Supplement more than three months after March 1, 2019, the deadline that the Court had set for Plaintiffs to serve "updated expert reports" (Scheduling Order at 1); more than two months after Defendants

5

served their expert reports addressing the opinions in Mr. Weber's Report; and only six days before Mr. Weber's deposition.

Plaintiffs contend that the Supplement did not contain new opinions or utilize new methodologies, but merely substituted variables in Mr. Weber's initial calculations to reflect the assumptions that Defendants' experts had asserted were more apt. (Pls.' Br. at 17, 21.) Plaintiffs rely on *ZF Meritor*, in which the Third Circuit held that the district court abused its discretion in denying the plaintiffs' request for an expert to submit alternate damages calculations after submitting an initial estimate of damages. 696 F.3d at 298. When considering the first and second *Meyers* factors in *ZF Meritor*, the Third Circuit reasoned that the new calculations would be based on data from the initial opinion on damages that the defendant had known about for three years, and the expert would "employ methodologies that the District Court ha[d] already recognized as being regularly and reliably applied by economists." *Id.* Neither of these circumstances are present here. Moreover, the new assumptions incorporated into Mr. Weber's Supplement changed the outcomes and potential implications of his analysis entirely. (*See, e.g.*, Supplement at 18, 20 (calculating notably different damages figures and probabilities of favorable outcomes).) Unlike in *ZF Meritor*, permitting Plaintiffs' Supplement would have substantially and unfairly prejudiced Defendants.

The second *Meyers* factor also weighs in favor of striking the Supplement. Plaintiffs argue that any prejudice to Defendants could have been cured with an extension of the discovery deadlines. (Pls.' Br. at 23–26.) Plaintiffs, however, made no request to extend the March 1 deadline for serving updated expert reports set forth in the Court's January 3, 2019 Scheduling Order. Permitting the Supplement would have required

adjournment of Mr. Weber's deposition or a second deposition of Mr. Weber. Permitting the Supplement would have also required the Court to consider providing Defendants' experts with an opportunity to respond to the Supplement. When Plaintiffs served Defendants with Mr. Weber's Supplement, two months had passed since Defendants had served their expert reports challenging the assumptions of Mr. Weber's analysis. Therefore, any attempt to cure prejudice to Defendants would have been ineffectual or would have resulted in substantial delay.

Under the third *Meyers* factor, permitting Plaintiffs to serve the Supplement would have "disrupt[ed] the orderly and efficient trial of the case." As discussed above, doing so would require deadline extensions and further delays in the conclusion of expert discovery. Other requests by Plaintiffs in discovery have already delayed this litigation. (*See, e.g.*, Order Striking Pl. Fay's Am. Resp. at 5, ECF No. 150 (indicating that six months passed without Plaintiff Fay indicating that he intended to amend his response to an interrogatory when Plaintiff Fay served Defendant Chubb with a third amended response to the interrogatory on the day of his scheduled deposition).) Permitting the Supplement may have required the Court to revise its directive that "the parties should plan on closing expert discovery on June 28, 2019 and . . . filing opening summary judgment briefs on August 2, 2019." (E-mail Correspondence at 2.)

Regarding the fourth *Meyers* factor, which contemplates willfulness in failure to comply with court orders, Plaintiffs were aware of the Court's Order to submit "updated expert reports" by March 1, 2019. (Scheduling Order at 1.) Plaintiffs filed the Supplement over two months after Defendants timely served their expert reports and only six days before Mr. Weber's deposition. Therefore, Plaintiff's failure to comply with the

7

Court's Scheduling Order weighs in favor of striking the Supplement.

The fifth *Meyers* factor, which requires the Court to assess the importance of the expert testimony at hand, also weighs in favor of striking the Supplement. In her Order, the Magistrate Judge determined that "[n]o good cause exists to modify the Court's [Scheduling] Order at this late juncture." (Magistrate Judge's Order at 1 (citing Fed. R. Civ. P. 16(b)(4)).) Under the abuse-of-discretion standard applicable to this Appeal, it is not the case that "no reasonable person would adopt the [Magistrate Judge's] view." *See In re Zoloft*, 858 F.3d at 792 n.22. Mr. Weber had already substantially set forth his conclusions in his original Report, the potential implications of which Defendants considered at the summary-judgment stage of this case. (*See* Def. Ayco's Summ. J. Br. at 29, ECF No. 151-1 (citing Report at 24).)

Based on an application of the *Meyers* factors, the Magistrate Judge did not abuse her discretion in the June 6, 2019 Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Appeal (ECF No. 170) is denied and the Magistrate Judge's Order to Strike Plaintiffs' Supplement to the Expert Report of Richard M. Weber (ECF No. 142) is affirmed. An appropriate Order will follow.

Date: <u>March 11, 2020</u>     */s/ Anne E. Thompson*
                ANNE E. THOMPSON, U.S.D.J.